**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (227341)
213.377.5502 | jyu@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Firstsource Advantage, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

CV13-09496 JFW (FFMx)

| | |
|---|---|
| ERIKA HERMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>FIRSTSOURCE ADVANTAGE, LLC, and DOES 1 through 10 inclusive,<br><br>Defendants. | Case No.:<br><br>[Removal from the Superior Court of California for the County of Los Angeles, Case No. 13K15977]<br><br>**DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(c), AND 1446**<br><br>[FEDERAL QUESTION]<br><br>Compl. Filed: November 8, 2013 |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Firstsource Advantage, LLC ("Defendant") hereby removes the action described below from the Superior Court of California for the County of Los Angeles, to the United States District Court for the Central District of California, Western Division, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

## I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441

On or about November 8, 2013, plaintiff Erika Herman ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles ("Superior Court"), entitled *Erika Herman v. Firstsource Advantage, LLC*, *et al.* Case No. 13K15977. In the Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code §1788, *et seq.*, by – among other things – allegedly engaging in harassing and oppressive conduct in connection with the collection of Plaintiff's debt, communicating unlawfully with third parties regarding Plaintiff's debt, and causing a telephone to ring repeatedly and continuously to annoy Plaintiff in its efforts to collect on Plaintiff's debt. *See* Complaint, pp. 1, 3-4. The Complaint and Summons are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the FDCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Furthermore, this Court has supplemental jurisdiction

over Plaintiff's state law claim (the RFDCPA), which arise out of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about November 8, 2013, Plaintiff filed this action in the Superior Court of California for the County of Los Angeles. Defendant was served with the Complaint on November 27, 2013. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the action. *See* 28 U.S.C. § 1446(b).

The Superior Court of California for the County of Los Angeles is located within the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 84(c)(2). Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Superior Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

///

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED: December 27, 2013.

                                      YU | MOHANDESI LLP

                                      By   */s/ Jordan S. Yu*
                                            Jordan S. Yu
                                            B. Ben Mohandesi
                                            Attorneys for Defendant
                                            Firstsource Advantage, LLC

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FIRST SOURCE ADVANTAGE, LLC, and DOES 1 through 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ERIKA HERMAN, an individual,



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOV 08 2013
John A. Clarke, Executive Officer/Clerk
CANDICE S. CALAGNA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Stanley Mosk Courthouse
*(El nombre y dirección de la corte es):*
111 North Hill Street
Los Angeles, CA 90012

CASE NUMBER *(Número del Caso)*: **13K15977**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Paul Mankin, Esq., 8730 Wilshire Blvd. Suite 310, Beverly Hills, CA 90211, (800) 219-3577

DATE October 29, 2013 / NOV 08 2013    Clerk, by **CANDICE S. CALAGNA**, Deputy
*(Fecha)*    JOHN A. CLARKE    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **First Source Advantage, LLC**
   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
   ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

NOV 06 2013

John A. Clarke, Executive Officer/Clerk
CANDICE S.

Paul Mankin- State Bar No. 264038
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
Phone: (800)-219-3577
Facsimile: (323) 207-3885

Attorney for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR LOS ANGELES COUNTY

LIMITED JURISDICTION

13K15977

| | |
|---|---|
| ERIKA HERMAN, an individual, <br> Plaintiff, <br><br> vs. <br><br> FIRST SOURCE ADVANTAGE, LLC and DOES 1 through 10 inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT** <br> Amount not to exceed $10,000 <br><br> 1. Violation of the Federal Fair Debt Collection Practices Act; <br> 2. Violation of the Rosenthal Fair Debt Collection Practices Act; |

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, ("hereinafter "FDCPA"), the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* ("hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

COMPLAINT - 1

## PARTIES

2. Plaintiff ERIKA HERMAN ("Plaintiff"), a natural person who at all times herein mentioned was a resident of the City of Los Angeles, in Los Angeles County, and State of California and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and a "debtor" as defined by Cal. Civ. Code §1788.2(h). Plaintiff at all relevant times with respect to this complaint was a resident of Los Angeles County California.

3. At all relevant times herein, Defendant, FIRST SOURCE ADVANTAGE, LLC (hereinafter "FSA"), was a company engaged, by use of mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5) and a "consumer debt" as defined by Cal. Civ. Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal. Civ. Code §1788.2(c).

4. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, and therefore names said Defendants under provisions of *Section 474 of the California Code of Civil Procedure*.

5. Plaintiff is informed and believes, and on that basis alleges that Defendants Does 1 through 10 are in some manner responsible for acts, occurrences and transactions set forth herein and are legally liable to Plaintiff.

## FACTUAL ALLEGATIONS

6. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

7. This financial obligation was primarily for personal, family or household purposes and are therefore "debt(s)" as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant FSA has placed calls to Plaintiff on a daily basis at her cellular phone number regarding the collection of a debt alleged to be owed by Plaintiff.

9. Plaintiff has received multiple telephone calls each day from Defendant in connection with the collection of the alleged debt.

10. On information and belief, on average, Plaintiff received two or more calls per day from Defendant.

11. On information and belief, on average, Plaintiff received fifteen or more calls per week from Defendant calling from phone number (877) 295-8075.

12. Defendant FSA continued to call in spite of Plaintiff's repeated requests that they cease their collection attempts.

13. Defendant FSA contacted Plaintiff's mother and disclosed information regarding the alleged debt to these third parties.

14. Defendant's conduct violated the FDCPA, and the RFDCPA, in multiple ways, including but not limited to:

   a) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§1692d);

   b) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number (§1692d(5));

   c) Communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector (§1692b(c));

d) Communicating, by telephone or in person, with plaintiff with such frequency as to be unreasonable and to constitute a harassment to Plaintiff under the circumstances (Cal. Civ. Code §1788.11(e));

e) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code §1788.11(d)).

15. As a result of the above violations of the FDCPA, RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff reincorporates by reference all of the preceding paragraphs.

17. To the extent that Defendant's actions, counted above, violated the FDCPA, those actions were done knowingly and willingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A. Actual damages;
B. Statutory damages;
C. Costs and reasonable attorney's fees; and
D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

18. Plaintiff reincorporates by reference all of the preceding paragraphs.

19. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willingly.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

  A. Actual damages;
  B. Statutory damages;
  C. Costs and reasonable attorney's fees; and
  D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A JURY TRIAL

Date: October 29, 2013

Paul Mankin, Esq.
Attorney for Plaintiff

## PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071. On December 27, 2013, I served the following document(s) by the method indicated below:

**DEFENDANT FIRSTSOURCE ADVANTAGE, LLC'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(c), AND 1446**

|   | |
|---|---|
|   | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. The transmitting fax machine complies with Cal.R.Ct 2003(3). |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|   | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|   | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|   | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

Paul Mankin
The Law Office of L. Paul Mankin IV
8730 Wilshire Blvd., Suite 310
Beverly Hills, CA 90211
*Attorney for Plaintiff*

I declare under penalty of perjury under the laws of California and the United States that the above is true and correct. Executed on December 27, 2013, at Los Angeles, California.

                                                                  /s/ Jordan S. Yu
                                                                    Jordan S. Yu